IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-643-GMS |
| | ) |
| STATE OF DELAWARE, Office of | ) |
| Management and Budget, | ) |
| | ·) |
| Defendant. | ) |

## **MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Nina Shahin ("Shahin"), who proceeds *pro se*, filed this lawsuit on October 16, 2007, alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 through 634. (D.I. 2.) Shahin alleges discrimination by reason of national original and age and retaliation for filing prior charges of discrimination. She seeks the maximum relief allowed by law. Before the court are Shahin's motions to extend the discovery deadline, to compel, for summary judgment, and for sanctions. (D.I. 24, 25, 26, 32.) For the reasons that follow, the court will deny the motions.

## II. BACKGROUND

Shahin has filed numerous lawsuits against different agencies of the State of Delaware alleging employment discrimination. On May 20, 2008, Shahin sought to consolidate several cases, including the case at bar. (D.I. 15.) The court exercised its discretion, entered orders in Civ. Nos. 07-641-GMS and 07-644-GMS denying the motions to consolidate, applied the orders

to this case, as well as Civ. Nos. 06-289-GMS, 07-452-GMS, and 07-643-GMS, and terminated all motions to consolidate on September 30, 2009.

Shahin applied for the position of senior accountant (posting #10-06-38) in the State's Office of Management and Budget. (D.I. 2, ex.; D.I. 22, OMB643-12.) Shahin alleges that her credentials were evaluated unreasonably low and she was denied an interview. (D.I. 2.) Shahin is a white female, over fifty, of Ukranian descent.[1] (D.I. 2, ex.) The court file does not include Shahin's work experience or educational background.

Erica Samson ("Samson"), a 29-year old, white female, of United States of America national origin was hired for the position of senior accountant. (D.I. 21, interrog. 1.) Sampson has Bachelors of Arts in Marketing and Management, two years experience as a senior accountant, and five years experience as an account specialist. (*Id.* at interrog. 2; D.I. 22, OMB643-1-7.) Her State application, dated September 14, 2006, states that she was a present State employee. (D.I. 22, OMB643-5. at Corp.642-26.)

Thirty-four applicants were given a rating based upon their training and experience. (*Id.* at OMB643-8.) Samson, along with two other applicants received a "lateral" rating, the top rating. (*Id.* at OMBa643-11.) One applicant received a "vol demo" rating, and Shahin received a rating of 88.[2] (*Id.*) Other applicants scored as high as 97 and as low as 80. (*Id.*) Interviews were scheduled for fifteen individuals. (*Id.* at OMB653-16-20.) Of those applicants interviewed, three were scored as "lateral," one was scored as "vol demo" and others had scores of 97, 92, and 88.

---

[1]The federal government classifies white as a race. *Stinebaugh v. Eldorado Stone*, Civ. No. 4:06-2210, 2008 WL 144211 n.2 (M.D. Pa. Jan. 11, 2008.)

[2]The court presumes "vol demo" means voluntary demotion.

-2-

(*Id.*) Applicants with scores of 95, 93, 90, and 88 were not interviewed. (*Id.*) The "all applicant list" indicates that seven applicants were male and twenty-seven applicants were female. (Id. at OMB643-21-23.) The races of the applicants included twenty-six white applicants, six black applicants, one Hispanic applicant, and one unknown. (*Id.*) Shahin was listed as white. (*Id.* at OBM643-22.) The application documents of record do not indicate the national origin of the applicants.

Shahin filed a charge of discrimination on December 11, 2006, after she was denied employment alleging national origin and age discrimination as well as retaliation for filing previous charges of discrimination. (D.I. 2, ex.) The responding party stated that Shahin met the minimum qualifications for the position and that her name would be placed on the register for one year from the date of application. (*Id.*)

On May 4, 2010, Shahin filed an untimely motion for summary judgment without leave of court, opposed by the State.[3] (D.I. 26.) She has also filed a motion to extend the discovery deadline, a motion to compel, and a motion for sanctions. (D.I. 24, 25, 32.)

## III. MISCELLANEOUS MOTIONS

### A. Motion to Extend Discovery Deadline

The court entered a scheduling order on April 14, 2008, setting a discovery deadline of October 16, 2008. (D.I. 8.) On March 8, 2010, nearly one and one-half years after expiration of the discovery deadline, Shahin file a "motion for delay in discovery deadline" which the court construes as a motion to extend the discovery deadline. (D.I. 24.) Shahin filed the same motion in three other cases. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-644-GMS.) The basis for

---

[3]The dispositive motion deadline expired December 16, 2008. (D.I. 14.)

her request is a pending motion for reconsideration, the four cases are in the same stage of litigation, interrogatories have been served and responded to, and she can afford to depose witnesses in only one lawsuit.

Initially, the court notes that a motion for reconsideration has not been filed in this case. Regardless, Shahin did not request an extension until long after the expiration of the discovery deadline. The court finds unavailing her reasons for an extension of time. Therefore, the court will deny the motion. (D.I. 24.)

## B. Motion to Compel

Shahin filed a motion to compel the State to answer the following interrogatory: "Did the individual appointed to that position have any relatives, friends, or neighbors in the Division of Corporations?" (D.I. 25.) The Stated responded, "uncertain." (D. 21, interrog. ans. No. 4.)

Shahin complains that the answer "uncertain" is unacceptable. The State responds that if it is uncertain or does not know information in response to an interrogatory, it cannot provide more than it has already answered. The court has reviewed the State's answer to the interrogatory and finds it satisfactory. In addition, the court finds that any information regarding relatives, friends of neighbors of the hired individual in an attempt to show that individuals were hired based upon their relationships with others is irrelevant to the issues of national origin or age discrimination. For the above reasons, the court will deny the motion to compel.[4] (D.I. 25.)

_____

[4]Similar to the motion to extend the discovery deadline, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-644-GMS.) The court has denied Shahin's motion to consolidate these cases. Filings containing argument for all cases are confusing and sap precious court resources to sift through each motion to determine the applicable argument for each case. Shahin is placed on notice that, in the future, similar filings will be docketed, not considered, and summarily denied. Shahin is required to file separate motions with separate argument for each

### C. Motion for Sanctions

Shahin filed a Rule 11(b)(2) motion for sanctions against defense counsel following submission of the State's response to Shahin's motion for summary judgment.[5] (D.I. 29, 32.) Shahin takes exception to defense counsel's argument in opposition to her motion. More particularly, she contends that a reference to case law is misplaced, defense counsel failed to provide legal support for the position that there are differing standards under Title VII for private and non-private discriminating employers, and defense counsel made the claim to "fool, denigrate, and deprive" Shahin of her rights under Title VII. (D.I. 32.) She seeks sanctions for defense counsel's misinterpretation and misapplication of the law.

The motion for sanctions has no merit. Therefore, the court will deny the motion. (D.I. 32.)

## IV. SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). The facts must be viewed

---

case.

[5]Once again, Shahin filed the same motion in three other cases with specific argument for each case contained in a single motion. (*See* Civ. Nos. 07-641-GMS; 07-642-GMS; 07-644-GMS.)

in the light most favorable to the nonmoving party and all reasonable inferences from the

evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States*, 572 F.3d 162, 165

(3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). "In considering a motion for summary judgment, a district court may not make

credibility determinations or engage in any weighing of the evidence; instead, the non-moving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"

*Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S.

at 255). If the court determines that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v.*

*City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). With respect to summary judgment in a

discrimination case, the court's role is "to determine whether, upon reviewing all the facts and

inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists

sufficient evidence to create a genuine issue of material fact as to whether the employer

intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l*

*Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437,

440 (3d Cir. 1987)).

Shahin moves for summary judgment on the grounds that the State has failed to provide

adequate reasons why internal, less qualified, and younger American born candidates were

selected to the position to which she applied. She further contends that summary judgment is

appropriate pursuant to Fed. R. Civ. P. 37 because the State failed to provide discovery regarding

the connections of the candidate with the family and friends of Delaware legislators and to

-6-

cooperate in discovery. The State opposes the motion and argues that Shahin has not established that she is entitled to judgment as a matter of law for failure to hire on the basis of national original discrimination under Title VII or by reason of age. It asks the court to dismiss the case with prejudice.[6]

### B. Discussion

#### 1. Age Discrimination in Employment Act

Under the ADEA, "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a). The ADEA includes in its definition of employer "a State or political subdivision of a State. 29 U.S.C. § 630(b)(2). The Supreme Court held in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) that Congress did not validly abrogate the states' sovereign immunity to suits by private individuals for suits filed pursuant to the ADEA. Therefore, the State is immune from suit for damages under the Eleventh Amendment for Shahin's age discrimination claim under the ADEA. *See Shahin v. Delaware Dep't of Finance*, 344 F. App'x 765 (3d Cir. 2009) (not published). For the above reasons, the court will deny Shahin's motion for summary judgment as to her claim raised under the ADEA.

---

[6]The State did not move for summary judgment. On December 3, 2008, a few days prior to the expiration of the dispositive motion deadline, it asked the court to hold the dispositive motion deadline in abeyance due to the posture of the case and Shahin's failure to respond to discovery requests. (*See* D.I. 14, 17.)

-7-

## 2. Title VII - National Origin Discrimination

A plaintiff may prove national origin discrimination by direct evidence as set forth in

*Price Waterhouse v. Hopkins*, 490 U.S. 228, 244-46 (1989), or indirectly through the familiar

burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

"Direct evidence" is evidence sufficient to allow the jury to find that "the decisionmakers placed

substantial negative reliance on [national origin] in reaching their decision." *Price Waterhouse*,

490 U.S. at 277.

Shahin provided no direct evidence of discrimination by reason of her national origin.

Because she failed to present direct evidence that she was not hired due to her national origin, the

court turns to the *McDonnell Douglas* burden-shifting framework.  Under this framework,

Shahin must first establish a prima facie case of national origin discrimination by proving that:

(1) she is a member of a protected class; (2) she sought and was qualified for a job for which the

employer was seeking applicants' (3) that despite her qualifications, she was rejected; and (4)

under circumstances that raise an inference of discriminatory action, the employer continued to

seek out individuals with qualifications similar to the plaintiff's to fill the position.  *McDonnell*

*Douglas,* 411 U.S. at 802; *Sarullo v. United States Postal Service*, 352 F.3d 789 (3d Cir. 2003);

*accord Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published)  The elements of a

prima facie case may vary depending on the facts and context of the particular situation.  *See*

*Pivirotto v. Innovative Sys. Inc.*, 191 F.3d 344, 352 (3d Cir. 1999).

If plaintiff succeeds in establishing a prima facie case, the burden shifts to defendant

employer to proffer "legitimate non-discriminatory" reason for its actions.  *See Woodson v. Scott*

*Paper Co.*, 109 F.3d 913, 920 n.2 (3d Cir. 1997).  If defendant meets this burden, the burden

again shifts to plaintiff to demonstrate, by a preponderance of the evidence, that the employer's rationale is pretextual. *McDonnell Douglas*, 411 U.S. at 804.

Under Title VII, "[t]he term 'national origin' on its face refers to the country where a person was born, or, more broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 88 (1973). National origin is distinct from citizenship. For example, the prohibition of discrimination based on "national origin" does not prohibit discrimination on the ground of citizenship. *Id.* at 89 ("Congress did not intend the term 'national origin' to embrace citizenship requirements.").

Shahin alleges discrimination occurred after she applied for the senior accountant position when her credentials were evaluated unreasonably low and she was not interviewed. Shahin provided several exhibits to the court, none of which support her claim of national origin discrimination. The court makes two observations. First, the record does not include any evidence that the State was aware of Shahin's national origin. Nor does it include evidence of her education and experience. Second, the argument that the State hired internally, or hired those with family, friends, or political connections is a red herring. Whether the State hired internally, or hired those with family, friends or political connections, is not relevant to the issue of discrimination based upon national origin.

Based upon the record, at this juncture the court cannot conclude that Shahin has established a prima facie of discrimination. It is undisputed that Shahin is of Ukraine origin and that she was not interviewed for the senior accountant position. However, she rests her evidence of discrimination solely upon her own assertion that she was not hired because of her age and national origin when there is no evidence the State was aware of her national origin. The

-9-

evidence of record indicates only that she was classified as white, which is her race, not her national origin. Shahin makes the leap from an unsuccessful employment quest to employment discrimination based upon her national origin when there is no evidence of record to support an inference of discrimination. *See Iyer v. Everson,* 238 F. App'x 834 (3d Cir. 2007) (not published) (unsuccessful applicant for position did not establish prima facie case of discrimination because he did not present evidence of circumstances that raised an inference of discriminatory action; he did not establish causal nexus between his membership in protected class and decision not to hire him through mere assertion that he was not hired because of his age, race, national origin, or religion).

Shahin has not established a prima facie case of employment discrimination by reason of national origin. Therefore, the court will deny her motion for summary judgment. (D.I. 26.)

## V.  CONCLUSION

For the above reasons, the court will deny all pending motions. (D.I. 24, 25, 26, 43.) An appropriate order will be issued.

CHIEF, UNITED STATES DISTRICT JUDGE

_Nov. 29_, 2010
Wilmington, Delaware

-10-

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-643-GMS |
| | ) |
| STATE OF DELAWARE, Office of | ) |
| Management and Budget, | ) |
| | ) |
| Defendant. | ) |

### ORDER

At Wilmington this ___29___ day of ___*N o v.*___, 2010, for the reasons set forth

in the Memorandum issued this date;

1. The plaintiff's motion for extension of time to complete discovery is **denied**. (D.I.

24.)

2. The plaintiff's motion to compel is **denied**. (D.I. 25.)

3. The plaintiff's motion for summary judgment is **denied.** (D.I. 26.)

4. The plaintiff's motion for sanctions is **denied**. (D.I. 32.)

5. The plaintiff is placed on notice that filings containing argument for multiple cases

will be docketed, not considered, and summarily denied. The plaintiff is required to file separate

motions with separate argument in her pending cases.

CHIEF UNITED STATES DISTRICT JUDGE